## No. 3604.

WILLIAM S. BUDD vs. THEODORE GRUNEWALD.

Appeal from Civil District Court, Division "E."

R. J. Maloney, Plaintiff and Appellant.

Dinkelspiel & Hart, Defendant and Appellee.

The judge of the lower Court did not see and hear the witnesses, and the issues of fact involved herein are decided by this Court not upon the credibility of the witnesses, but upon our appreciation of the testimony.

ESTOPINAL, J. This is a suit in which the plaintiff claims from the defendant the sum of one hundred and five dollars with legal interest from judicial demand, alleging that the plaintiff was a guest of the Hotel Grunewald, owned and operated by the defendant, from March 21st, to March 28th, 1903, and entrusted his traveling case, as is usual and customary, to the said Hotel, clerk of the defendant receiving the same.

, The traveling case was lost by the Hotel, and claim made for the value of its contents, which are set out in detail in the petition filed by the plaintiff.

Defendant's answer is a general denial. The plaintiff offered the testimony of himself and Mrs. Mary J. Talon, who was familiar with the contents of the dress-suit-case and the items were proved up in detail.

From a judgment rejecting his demand, plaintiff appeals.

From our appreciation of the testimony in this case, we are unable to subscribe to the conclusion arrived at by our learned brother of the lower Court, but on the contrary, from a careful study of the testimony, we are constrained to take an entirely opposite view.

At the outset it is well to state that the defendant in his own,

and the testimony of his clerks admit that plaintiff was a guest at his hotel on the dates mentioned, owned a dress suit-case containing articles of wearing apparrel worth approximately $10.co, and that it was lost while in their custody.

We are at a loss to understand how, in the face of that admission by defendant of his liability to the extent of $10.co, plaintiff's suit should have been dismissed.

From our appreciation of the testimony, we find that every circumstance indicate that the plaintiff and Mrs. Talon, a witness for him, have told the truth.

There is nothing in the testimony of these two witnesses to indicate that there was any studied effort on their part to establish an identical condition of things, the plaintiff testifying in a rather general way, and Mrs. Talon, who claims to have packed the valise, being enabled from that circumstance to give minutely and in detail the contents of same, and there is nothing remarkable in the fact that she was able so to do even after the lapse of months, for the reason that it is characteristic of a woman, when she had packed a valise or trunk to be able thereafter to recall with reasonable correctness its contents, and if she be intelligent and wordly, as this witness appears to be, and had often made purchases of clothes for her husband, it is not strange that she would be able to approximate the value of men's clothing.

The testimony of plaintiff and Mrs. Talon was taken out of Court by consent, and long before the trial in open Court at which time the defendant's witnesses were heard, giving them an opportunity to study carefully what plaintiff and his witness testify to and prepare themselves to destroy the force of that part of Mrs. Talon's testimony which is the most material, to-wit, "that she had gone up to plaintiff's room on Saturday and packed his valise.

To demolish this defendant attempts to establish and to have this Court believe, that, because, the plaintiff had not occupied

his room every day of the week for which it had been rented him, that the clerk of the hotel became suspicious and thereupon visited the room, finding a quantity of valueless articles packed in a common dress suit-case, and *fearing that the hotel was about to be defrauded, plugged* the key hole of the door, *keeping the room subject to the orders of plaintiff.*

In view of the testimony of the hotel clerks, that the contents of the dress suit-case were nearly valueless and in consequence the hotel unsecured, we are asked to believe that the door of the room was plugged and reserved in that condition subject to plaintiff's orders.

This we cannot believe, because, taking a business view of the matter, we think that the reasonable and sensible thing for the hotel people to do under the circumstances, was, not to plug the door of the room, and hold it for a person whom they suspected of attempting to defraud, but to close out the account of the suspected guest and rent the apartment to others.

Mr. Brewer, a private detective employed in the hotel, though he doesn't undertake to fix the number of times and the days, testifies that Mrs. Talon visited plaintiff's room several times, and we believe that she visited and entered it on Saturday as she testifies. We are asked to view with suspicion, the character of the plaintiff, but this we cannot do in view of the fact that it is in evidence, uncontradicted, that he is a business man living in New York, and judging from the manner in which he gave his testimony, a man of education, here on a business mission about which he consulted a person standing very high in this City, and that when, he was about to leave for his home, he came to the hotel where a loan of $10.00 had been made him, showing, if anything tends to do so, that the hotel people thought him respectable, and paid his hotel bill and loan giving in payment a bank note of large denomination receiving some change from the clerk, thus evidencing that the man was by no means impecunious.

105

We are satisfied that plaintiff's personal effects were unduly and unjustly tampered with by the defendant's employees, that there was no warrant for their action, and that through their gross negligence and fault, plaintiff suffered a loss which defendant attempts to minimize to a ridiculously low figure, but which we believe to have amounted to the sum claimed by plaintiff.

The Judge of the lower Court did not see and hear the witnesses and the issues of fact herein are decided by this Court, not upon the credibility of the witnesses, but upon our appreciation of the testimony.

It is therefore ordered adjudged and decreed, that the judgment appealed from, be annulled, avoided and reversed; and it is now ordered adjudged and decreed that there be judgment in favor of plaintiff, and against the defendant condemning the said defendant to pay the plaintiff the sum of one hundred and five dollars with legal interest from judicial demand and costs in both Courts.

January 23rd, 1905.

Writ denied by Supreme Court, March 27th, 1905.